## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

KEVIN LEE GREGORY, #09170-087,

        Petitioner,

v.                                      ACTION NO.  2:23cv447

COMMONWEALTH OF VIRGINIA and

ROY CHEATAM, Warden,

        Respondents.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on the motion for default judgment filed by *pro se* petitioner Kevin Lee Gregory ("Gregory"). ECF No. 9. For the reasons discussed below, the undersigned **RECOMMENDS** that the motion for default judgment be **DENIED**.

### I.    Statement of the Case

Gregory, a Florida inmate, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a detainer lodged by the Circuit Court for Stafford County, Virginia. ECF No. 1, at 1, 5. On November 9, 2023, the Court ordered respondent Roy Cheatam, Warden of the United States Penitentiary Coleman II in Coleman, Florida, to answer the petition within 60 days. ECF No. 7. On January 22, 2024, Gregory filed a motion for default judgment requesting that the Court enter a default judgment and dismiss the criminal charges pending in Stafford County for failure to prosecute in accordance with the Interstate Agreement on Detainers Act. ECF No. 9.

On February 8, 2024, the Court ordered the correct respondent in this detainer action, the Commonwealth of Virginia, to answer the petition within 30 days. ECF No. 10. On February 22, 2024, Gregory filed a notice of interlocutory appeal asserting the Court erred in failing to address his motion for default judgment and instead ordering the Commonwealth of Virginia to respond to the petition. ECF No. 13, at 4. The United States Court of Appeals for the Fourth Circuit dismissed the appeal because the order Gregory sought to appeal, the order directing the Commonwealth of Virginia to respond to the petition, was not a final order or an appealable interlocutory or collateral order. ECF No. 29, at 2.

On February 28, 2024, the Court granted a motion for extension of time to answer and extended the Commonwealth of Virginia's time to answer to April 8, 2024. ECF No. 16. On March 27, 2024, the Commonwealth of Virginia filed a Rule 5 answer and motion to dismiss the petition. ECF Nos. 19–22. Gregory filed a response to the motion to dismiss on June 6, 2024. ECF No. 28.[1]

## II.    Analysis

Gregory seeks default judgment in this habeas case because the warden of his penitentiary failed to respond to the petition within the timeframe set by the Court. *See* Fed. R. Civ. P. 55 (providing the procedures for obtaining the entry of default and default judgment when a party has failed to defend against an action). "The law is well-settled that resolving a habeas corpus petition on the ground of 'default' is disfavored and generally inappropriate." *Lind v. Ballard*, No. 2:14cv26284, 2016 WL 11483825, at *10 (S.D.W. Va. Apr. 27, 2016), *report and recommendation adopted,* No. 2:14cv26284, 2016 WL 5346950 (S.D.W. Va. Sept. 23, 2016)

---

[1] On August 8, 2024, in an abundance of caution and deference to Gregory's *pro se* status, the Court advised Gregory of his rights when a dipositive motion is filed and granted Gregory an additional 21 days to respond to the pending motion to dismiss. ECF No. 34.

(citation omitted).

> Releasing a properly convicted prisoner or imposing on the state the costs and uncertainties of retrying him, perhaps many years after the offense, is apt to be a disproportionate sanction for the wrong of failing to file a timely motion for an extension of time.  This thinking informs the principle that default judgment is disfavored in habeas corpus cases.

*Lemons v. O'Sullivan*, 54 F.3d 357, 364 (7th Cir. 1995) (citation omitted); *see also Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) (holding "default judgment is not contemplated in habeas corpus cases"); *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984) (recognizing that "default in habeas proceedings differs from default in other civil cases," because "it would be not the defaulting party but the public at large that would be made to suffer" the consequences of granting a prisoner default judgment); *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970) (holding default judgment is not available in habeas corpus cases as "[t]he failure of State officials to file a timely return does not relieve the prisoner of his burden of proof").

The proper respondent for this petition challenging a Virginia detainer, the Commonwealth of Virginia, has timely responded to Gregory's petition.  Gregory has not been prejudiced by the delay.  Accordingly, Gregory's motion for default judgment should be **DENIED**.

## III.   Recommendation

For these reasons, the undersigned **RECOMMENDS** that Gregory's motion for default judgment, ECF No. 9, be **DENIED**.

## IV.   Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

3

1.     Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.     A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

_____
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
August 29, 2024

## <u>Clerk's Mailing Certificate</u>

A copy of the foregoing was provided electronically to counsel for respondent and was

mailed this date to:

     Kevin Lee Gregory, #09170-087
     US Penitentiary Coleman #2
     P.O. Box 1034
     Coleman, FL 33521

/s/ J. L. Meyers
By_____
       Deputy Clerk

August 29
_____, 2024